**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 06-4403**

---

UNITED STATES OF AMERICA,

                                 Plaintiff - Appellee,

    versus

LUIS F. ROBLEDO,

                                 Defendant - Appellant.

---

Appeal from the United States District Court for the District of South Carolina, at Greenville.  G. Ross Anderson, Jr., District Judge.  (6:05-cr-00405-GRA)

---

Submitted: November 15, 2006      Decided:  November 20, 2006

---

Before WIDENER, WILKINSON, and MOTZ, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Benjamin T. Stepp, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant. Isaac Louis Johnson, Jr., OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Luis F. Robledo appeals his conviction and sentence imposed for conspiracy to possess with intent to distribute five kilograms or more of cocaine after pleading guilty. Counsel has filed an Anders v. California, 386 U.S. 738 (1967), brief and Robledo has not filed a pro se supplemental brief. The Government elected not to file a reply brief. Counsel raises issues of whether Fed. R. Crim. P. 11 was complied with in accepting the factual basis for Robledo's plea and whether his sentence was reasonable. We affirm.

Because Robledo did not move in district court to withdraw his guilty plea, this court reviews his challenge to the adequacy of the Rule 11 hearing for plain error. See United States v. Martinez, 277 F.3d 517, 524-25 (4th Cir. 2002). Prior to accepting a guilty plea, the trial court must ensure the defendant understands the nature of the charges against him, the mandatory minimum and maximum sentences, and various other rights, so it is clear that the defendant is knowingly and voluntarily entering his plea. The court must also determine whether there is a factual basis for the plea. Fed. R. Crim. P. 11(b)(1), (3); United States v. DeFusco, 949 F.2d 114, 116, 120 (4th Cir. 1991). Our review of the plea hearing transcript reveals that the district court conducted a thorough Rule 11 colloquy that assured that

- 2 -

Robledo's plea was supported by an adequate factual basis and was both knowing and voluntary.

This court reviews the imposition of a sentence for reasonableness. United States v. Booker, 543 U.S. 220, 260-61 (2005); United States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005). After Booker, courts must calculate the appropriate guideline range, making any appropriate factual findings. United States v. Davenport, 445 F.3d 366, 370 (4th Cir. 2006). The court then should consider the resulting advisory guideline range in conjunction with the factors under 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006), and determine an appropriate sentence. Davenport, 445 F.3d at 370. A sentence imposed within the properly calculated guideline range is presumptively reasonable. United States v. Green, 436 F.3d 449, 457 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006). If a court imposes a sentence outside the guideline range, it must state its reasons for doing so. Hughes, 401 F.3d at 546. Because the district court adequately explained the basis for its sentencing decision, taking into consideration Robledo's arguments, we conclude that the resulting 51-month sentence was reasonable. See United States v. Montes-Pineda, 445 F.3d 375, 380 (4th Cir. 2006), petition for cert. filed, ___ U.S.L.W. ___ (U.S. July 21, 2006) (No. 06-5439); Green, 436 F.3d at 457. Accordingly, we affirm Robledo's sentence.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Robledo's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>